## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LESLIE ALLEN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 05-1372 |
| | ) |
| RICK VEACH, Warden, | ) |
| | ) |
| Respondent. | ) |

# O R D E R

Before the Court is Leslie Allen Smith's ("Smith's") Application to Proceed Without Prepayment of Fees and Affidavit [Doc. #2]; Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Federal Custody [Doc. #1]; and Motion for Appointment of Counsel [Doc. #3]. For the reasons that follow, Smith's Petition for Writ of Habeas Corpus [Doc. #1] will be dismissed and his Application to Proceed Without Prepayment of Fees [Doc. #2] and Motion for Appointment of Counsel [Doc. #3] will be denied as moot.

### I.
#### BACKGROUND

Smith is currently serving time at a federal correctional institution in Pekin, Illinois, for felony possession of a firearm. Smith also faces state charges in Indiana for failure to appear and contempt of court. In his Petition, he alleges Indiana violated the Interstate Agreement on Detainers Act ("IAD") by failing to try him within 180 days of his demand.

See 18 U.S.C. appx. § 2, art. III(a) (requiring that a prisoner against whom a detainer has been lodged be tried within 180 days of the prosecuting State's receipt of the prisoner's notice requesting speedy disposition of the charges). He further alleges he received ineffective assistance of counsel in both his federal and state court proceedings. As relief, Smith asks this Court to declare the Indiana detainer lodged against him void and to dismiss the state charges or, in the alternative, order his extradition to Indiana so that he can face the state charges and possible sentencing.

## II.
### ANALYSIS

While petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 are not subject to the exhaustion requirements of 28 U.S.C. § 2254(b), the Seventh Circuit has held that "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); see also Boettcher v. Doyle, 105 Fed. Appx. 852, 854 (7th Cir. July 20, 2004) (unpublished order) (stating that federal courts may require the exhaustion of state court remedies when a federal prisoner challenges the legality of a detainer lodged by the state). Thus, as a matter of comity, if "state remedies have not been exhausted as to any one of [P]etitioner's federal claims[,]" then his "petition for writ of habeas corpus must be dismissed[.]" Cruz v. Warden of

Dwight Correctional Center, 907 F.2d 665, 667 (7th Cir. 1990) (citing Castille v. Peoples, 489 U.S. 346, 349 (1989)).

Smith claims he did not attempt to exhaust his administrative remedies because he was told it would be unhelpful.  Nevertheless, he alleges he filed motions asking the Indiana trial court and court of appeals to try him within the 180-day provision of the IAD, and was denied.  But to have exhausted his state court remedies, Smith must have pursued every available appeal.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  He does not allege that he ever appealed the state courts' denials of his motions to the Indiana Supreme Court.  Thus, Smith has failed to exhaust his state court remedies, and, this failure extends to his ineffective assistance of counsel claims as they relate to his motions under the IAD.  Accordingly, his IAD claims must be dismissed without prejudice.

However, to the extent in which Smith challenges the validity of his federal conviction and/or sentence based on his counsel's alleged deficient performance, this Court cannot entertain his Petition for Writ of Habeas Corpus [Doc. #1] because the sentencing court has previously denied him relief under 28 U.S.C. § 2255 based on this same claim.[1]  Therefore, this claim must be dismissed with prejudice.

---

[1] The Court further points out that Smith asserts that the denial of his § 2255 Motion is currently pending appeal to the Sixth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that Smith's IAD claims contained in his Petition for Writ of Habeas Corpus [Doc. #1] are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Smith's ineffective assistance of counsel claim challenging the validity of his federal conviction and/or sentence contained in his Petition for Writ of Habeas Corpus [Doc. #1] is DISMISSED WITH PREJUDICE.

IT IS ALSO ORDERED that Smith's Application to Proceed Without Prepayment of Fees [Doc. #2] and Motion for Appointment of Counsel [Doc. #3] are DENIED AS MOOT.

Entered this  14th  day of February, 2006.


                         ___ /s/ Joe B. McDade ___
                             JOE BILLY McDADE
                        United States District Judge